IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DARLENE LOCKETT, individually and on behalf of all others similarly situated, | § § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 4:17-cv-00211 |
| DAYBREAK VENTURE, L.L.C., | § § § | |
| *Defendant*. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Darlene Lockett, individually and on behalf of all others similarly situated, brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendant and shows as follows:

### I.  NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendant violated the FLSA in that it failed to pay Plaintiff for all hours she worked by not compensating her at the rate of time and one-half her regular rate of pay for all the hours worked over 40 hours in one workweek. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

3. Plaintiff Darlene Lockett is an individual who was employed by Defendant within the meaning of the FLSA within the three-year period preceding the filing of this Complaint. She hereby consents to be a party in this action and her consent form is attached as "Exhibit A."

4. Plaintiff and "Class Members" are Defendant's current and former hourly-paid employees who were not paid for all hours worked and who were not paid overtime pay for overtime work as required by the FLSA.

**5.** Defendant Daybreak Venture, L.L.C. is a limited liability company authorized to do business, and does business, in the State of Texas. It can be served through its registered agent, Amarillo Corporate Services, LLC, at 500 S. Taylor St., Suite 1100, LB 219, Amarillo, TX 79101-2442, or wherever it may be found.

## III. JURISDICTION AND VENUE

6. This Court has jurisdiction over this lawsuit because the suit arises under 29 U.S.C. § 201 *et seq*.

7. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because Defendant resides in this district and because the events that form the basis of this suit occurred in this District.

## IV. COVERAGE

8. At all material times, Defendant has acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and Class Members.

9. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12. At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–207.

## V. FACTUAL ALLEGATIONS

13. Defendant operates long-term and rehabilitative care facilities throughout Texas. It conducts business throughout the United States and does more than $500,000.00 per year in business.

14. Plaintiff was employed by Defendant as a kitchen worker from approximately August 2014 to March 2016. She regularly worked 40 or more hours in a workweek at one of Defendant's places of business and during the last three years and period covered by this lawsuit.

15. To perform her duties, Plaintiff and Class Members were often required to arrive early, stay late, or work double shifts. Because Plaintiff and Class Members were regularly scheduled to work at least 40 hours in a week, any additional work performed over 40 hours in one week should have been paid at overtime rates. Defendant did not pay Plaintiff and Class Members time-and-one-half their regular rates of pay for hours they worked over 40 hours per week, even though they routinely worked more than 40 hours per week throughout the course of their

employment. Defendant required Plaintiff and Class Members to work many of these hours "off-the-clock."

16. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and Class Members. Defendant received complaints from Plaintiff or Class Members regarding these excessive hours and the failure to compensate for all hours worked but failed to redress these concerns, necessitating this lawsuit.

## VI. COLLECTIVE ACTION ALLEGATIONS

17. Plaintiff re-alleges and incorporates paragraphs 1–16 as if fully set forth herein.

18. Plaintiff and Class Members were subjected to the same pay provisions and violations in that they were employed as hourly-paid workers not compensated for all hours worked and not compensated at time-and-one-half for all hours worked in excess of 40 hours in a workweek.

19. Defendant's failure to compensate employees for all hours worked and hours worked in excess of 40 in a workweek as required by the FLSA results from a policy or practice of paying only regular time for overtime hours and requiring employees to work "off-the-clock." This policy or practice was applicable to Plaintiff and Class Members. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice, which resulted in the non-payment of overtime and all hours worked, that applied to Plaintiff applied to all Class Members.

20. Defendant was aware of its obligation to pay overtime to Plaintiff and Class Members and failed to do so. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and Class Members.

## VII. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

21. Plaintiff re-alleges and incorporates paragraphs 1–16 as if fully set forth herein.

22. During the relevant period, Defendant has violated and is violating the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed. Defendant has acted willfully in failing to pay Plaintiff and Class Members in accordance with the law

## VIII. RELIEF SOUGHT

23. WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendant as follows:

    a. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who may join this suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join this suit);

    b. For an Order awarding Plaintiff (and those who may join this suit) the costs of this action;

    c. For an Order awarding Plaintiff (and those who may join this suit) attorneys' fees;

    d. For and Order awarding Plaintiff (and those who may join this suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

    e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ J. Derek Braziel*
**J. DEREK BRAZIEL**
Texas Bar No. 00793380
jdbraziel@l-b-law.com
**J. FORESTER**
Texas Bar No. 24087532
forester@l-b-law.com
**TRAVIS GASPER**
Texas Bar No. 24096881
gasper@l-b-law.com
Lee & Braziel, L.L.P.
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelawyer.com

**ATTORNEYS FOR PLAINTIFF**

# CERTIFICATE OF SERVICE

This is the Original Complaint. Service of this Complaint will be made on Defendant with summons to be issued by the clerk per the Federal Rules of Civil Procedure.

*/s/ J. Derek Braziel*
**J. DEREK BRAZIEL**